**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No. 3:24-CR-507-N** |
| | § | |
| **PHILLIP DANIEL PETERSON** | § | |

**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

To the Honorable Judge of Said Court:

NOW COMES Phillips Peterson, and objects to the Government's proposed jury instructions.

1. **Peterson objects to the language used in the elements section of the government's proposed instructions.**

Peterson objects to elements 2 and 3 of the government's proposed jury instructions.

First, the government proposes the following: "The defendant sent the message either intending to communicate a threat, knowing that the message would be viewed as a threat, or consciously disregarding a substantial risk that the message would be viewed as a threat." Peterson asserts this verbiage is confusing. The law is simple; there is an objective standard – do the messages contain true threats? And a subjective standard as to the mental state: "True threats are "serious expressions" of an intent to commit unlawful violence. *Counterman v. Colorado*, 600 U.S. 66, 74, 143 S.Ct. 2106 (2023) (cleaned up). The inquiry is twofold: whether a reasonable person would perceive the statement as threatening, and whether the speaker was subjectively aware of its threatening nature. *Id.* at 72-73, 143 S.Ct. 2106 (holding that the First Amendment requires defendants in true-threats cases to be aware of the threatening nature of their communications and adopting recklessness as the standard). *United States v. Jubert*, 139

F.4th 484, 491 (5th Cir. 2025)

Because the government does not like its burden does not make its position correct. Peterson has taken language from the Fifth Circuit Pattern Jury Instructions, from *Counterman*, and from current Fifth Circuit precedent to draft instructions of what the government is required to prove. Following *Elonis*, at least one court of appeals has upheld the validity of the objective standard as applied to the definition of "threat," thus it remains an additional element. *See United States v. Ehmer*, 87 F.4th 1073, 1121 (9th Cir. 2023) ("But contrary to what Patrick and Thorn contend, this reliance on an objective standard in describing an additional element that must be met with respect to the defendant's 'speech or expressive conduct' does not in any way detract from the district court's inclusion of a fully sufficient subjective scienter requirement.");

As to the definition of Recklessness, again, this is an age-old standard. However, Peterson merely repeated what was in the Fifth Circuit Pattern jury instructions and what was held in *Counterman*. Peterson asserts that when a speaker is aware that others could regard his statements as threatening violence and delivers them anyway[1], that is the correct definition of recklessness for this offense. A person acts recklessly, in the most common formulation, when he "consciously disregard[s] a substantial [and unjustifiable] risk that the conduct will cause harm to another." *Voisine v. United States*, 579 U.S. 686, 691, 136 S.Ct. 2272, 195 L.Ed.2d 736 (2016) (internal quotation marks omitted). That standard involves insufficient concern with risk, rather than awareness of impending harm. *See Borden* v. *United States*, 593 U. S. ––––, ––––, 141 S.Ct. 1817, 1823–1824 (2021) (plurality opinion). But still, recklessness is morally culpable conduct, involving a "deliberate decision to endanger another." *Voisine*, 579 U.S. at 694, 136 S.Ct. 2272.

[1] *See* Fifth Circuit Pattern Jury Instruction 2.4 (2024); *Counterman v. Colorado*, 143 S. Ct. 2106 (2023).

In the context of threats, it means that a speaker is aware "that others could regard his statements as" threatening violence and "delivers them anyway." *Elonis*, 575 U.S. at 746, 135 S.Ct. 2001 (Alito, J., concurring in part and dissenting in part); *Counterman*, 600 U.S. at 79l; 143 S.Ct. at 2117.

Lastly, including language that the jury "may decide what Defendant knew from all the surrounding facts and circumstances, including the words used, the context, and the number and nature of the communications" in a recklessness definition is watering down the government's burden. They are free to argue, however, this would be a misinterpretation of recklessness, and seemingly more towards the knowledge requirement.

As to the third element, Peterson, understands that his argument is currently foreclosed, but would argue the that the government must prove that Peterson had knowledge communication was sent in interstate or foreign commerce.

2. **Peterson objects to the government's assertion that it is not required to prove he wrote the communication at issue.**

Peterson objects to the Government's proposed sentence: It is not necessary to prove that the defendant actually wrote the communication. Dkt. 64 at 21. Peterson does not understand nor agree that the Government must not prove that Peterson, the defendant, wrote the communication, as inherently in proving that Peterson sent a communication, he must have written the communication.

Respectfully submitted,

/s/ J. Joseph Mongaras
J. Joseph Mongaras
Texas Bar No. 24039975
jjm@udashenanton.com

Udashen | Anton
8150 N. Central Expressway

Suite 1265
Dallas, Texas 75206
(214) 468-8100
(214) 468-8104 (fax)

*Attorney for Peterson*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2025, a true and exact copy of this document was served electronically via this Court's ECF system to the Assistant United States Attorney assigned to this case.

/s/ J. Joseph Mongaras
J. Joseph Mongaras