IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | Criminal Action No. 3:24-CR-507-N |
| | § | |
| PHILLIP DANIEL PETERSON | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Phillip Daniel Peterson's motion for acquittal or in the alternative a new trial [87]. Peterson was charged with and convicted by a jury of six counts of transmitting threatening communications in interstate commerce in violation of 18 U.S.C. § 875(c). Because the Court finds there was legally sufficient, competent evidence to support the verdict, the Court denies the motion for judgment of acquittal and alternative motion for a new trial.

## I. MOTION FOR JUDGMENT OF ACQUITTAL LEGAL STANDARD

A motion for judgment of acquittal "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998) (citing FED. R. CRIM. P. 29(a)). In considering a motion for judgment of acquittal, courts examine whether, "review[ing the evidence] in the light most favorable to the government [and] drawing all reasonable inferences in support of the verdict," "a reasonable jury could find that the evidence establishes the guilt of the defendant beyond a reasonable doubt." *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir. 1994). In other words, "[t]he only question is

whether a rational jury could have found each essential element of the offense beyond a reasonable doubt." *Id.* The court does not assess the credibility of witnesses or weigh the evidence, as the jury "retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001); *see also United States v. Molinar–Apodaca*, 889 F.2d 1417, 1423 (5th Cir. 1989). If the evidence "viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence," then reversal is required. *Pennington*, 20 F.3d at 597. But the jury "is free to choose among all reasonable constructions of the evidence," and "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (quotations and citations omitted).

## II. The Court Denies Peterson's Motion for Acquittal

In his motion, Peterson raises several grounds for acquittal. Peterson argues that the evidence presented at trial is insufficient to sustain a conviction on all convicted counts because the Government failed to prove venue was proper in the Northern District of Texas and failed to prove the elements of the offense beyond a reasonable doubt. The Court respectfully disagrees.

### *A. The Evidence Establishing Venue is Sufficient*

Peterson argues that the Government failed to prove venue was proper in the Northern District of Texas because victim M.M. received the threatening emails in Waco,

which is part of the Western District of Texas. Def.'s Mot. Acquittal 3–4 [87]. Apart from the victim's law firm receiving the emails within the Northern District, Peterson contends that the Government failed to present a "scintilla of evidence that any of the essential elements occurred in the Northern District of Texas." *Id.* at 3. However, because the jury was appropriately instructed on the law of venue and could find—and indeed did find—that the evidence presented at trial establishes venue by a preponderance of the evidence, this asserted ground for acquittal is futile.

It is the Government's burden to prove venue is proper by a preponderance of the evidence. *United States v. Strain*, 396 F.3d 689, 693 (5th Cir. 2005). Peterson was convicted of transmitting threatening communications in interstate commerce, and Congress expressly permits prosecution of offenses involving interstate commerce in any district from, through, or into which that commerce moves. 18 U.S.C. § 3237(a). The Government presented evidence that Peterson sent threatening emails through Steptoe Johnson's servers, i.e., the victim M.M's law firm's servers, which are located in the firm's Dallas office in the Northern District of Texas. Additionally, a Steptoe employee testified that employees saw these emails and that the Dallas office went into lockdown as a result. While Peterson nevertheless argues that venue was improper because the victim personally received the emails in another district, this argument confuses the location of an intended victim with the location of the offense. The Fifth Circuit has expressly held that section 875(c) does not require a threatening communication to reach its intended victim directly. *United States v. Morales*, 272 F.3d 284, 288–89 (5th Cir. 2001).

Peterson's reliance on *Abouammo v. United States*, 608 U.S. 597 (2026), is equally misplaced. That case concerned falsifying a document under 18 U.S.C. § 1519, an offense that does not require interstate transmission. Section 875(c), by contrast, expressly criminalizes interstate transmission. At trial, the Government presented evidence that the communications reached the Northern District of Texas. Because it is within the domain of the jury to decide a fact issue such as this and the jury made a determination based on sufficient evidence, Peterson is not entitled to acquittal on this ground.

### ***B. The Jury's Verdict Rests on Sufficient Evidence***

Peterson also challenges the sufficiency of the evidence convicting him. Def.'s Mot. Acquittal 5–7. He specifically argues that the evidence is insufficient to support the conclusion that his communications were true threats rather than hyperbole when considering the language used and the surrounding context of the communications. *Id.* The Court finds this argument unavailing.

Federal Rule of Criminal Procedure 29 requires the Court to determine whether a rational juror, viewing the evidence and reasonable inferences in the light most favorable to the verdict, could find the essential elements of the crime beyond a reasonable doubt. *United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014) (en banc). To be convicted under 18 U.S.C. § 875(c), the jury must find that the Government proved beyond a reasonable doubt that the defendant transmitted a threat to injure the person of another through interstate commerce. A statement constitutes a true threat and falls under this statute when: (1) an objectively reasonable person would view it, in context, as a serious expression of intent to cause harm, and (2) that the defendant sent the message with intent

to communicate a threat, or with a conscious disregard that the communication would be viewed as a threat. *United States v. Jubert*, 139 F.4th 484, 490–91 (5th Cir. 2025).

The Government presented evidence of the charged emails, the civil ligation, the parties' history, and the recipients' testimony. The emails contained language conveying threats to physically and sexually assault the targets, and a Steptoe employee testified that the employees at the firm's Dallas office saw the threats and that the office went into lockdown. A Microsoft witness additionally testified that the communications traveled through Illinois before reaching one of the recipients in Texas. As this Court instructed, a "jury is ordinarily entitled to believe all, any part of, or none of a witness' testimony." *Globe Indem. Co. v. Richerson*, 315 F.2d 3, 6 (5th Cir. 1963). The jury was entitled to weigh the Government's evidence and witness testimony against Peterson's and determine that the Government had proved its case beyond a reasonable doubt. And the jury was entitled to find that Peterson's speech did not amount to hyperbole but rather a true threat, as reinforced here by the jury's mixed verdict.[1] Because the Court finds that the evidence presented was sufficient to support the guilty verdict, the Court denies the motion for judgement of acquittal on this ground and likewise declines to grant a new trial on this ground.

[1] The jury acquitted Peterson on Counts 1 and 6 but convicted him on Counts 2 through 5, 7, and 8.

## III. THE COURT DENIES PETERSON'S ALTERNATIVE REQUEST FOR A NEW TRIAL

Under Federal Rule of Criminal Procedure 33, the Court "may grant a new trial if required in the interest of justice." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1118. As discussed previously, the record sufficiently supports the jury's verdict. Because Peterson does not identify a miscarriage of justice and only makes bare, conclusory assertions as to why a new trial is needed, the Court denies his request for a new trial.

## CONCLUSION

For the reasons set forth above, the Court denies Peterson's motion for judgment of acquittal, and his alternative motion for a new trial included therein, in full.

Signed November 23, 2026.

David C. Godbey
Senior United States District Judge